## UNITED STATES DISTRICT COURT
### Eastern District of Michigan
### Northern Division

UNITED STATES OF AMERICA                    **ORDER OF DETENTION PENDING TRIAL**

v.                                                              CASE NO: 05-CR-20053-BC

WILLIAM DESPAIN                              MAGISTRATE JUDGE CHARLES E. BINDER
_____/

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

Does not apply.

**Alternative Findings (B)**

(1)    There is a serious risk that the defendant will not appear.

2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

The Government has moved for detention in this case.  I note that none of the presumptions in favor of detention set forth in the statute apply to this Defendant.  Therefore, I will consider the motion under the standards set forth in 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), the Defendant is charged with a misdemeanor offense involving alcohol.  From the presentations of counsel, while the Defendant is entitled to and will received the presumption of innocence at this stage, it appears there is a definite weight of evidence against  this Defendant.

As to the factors set forth in 18 U.S.C. § 3142(g)(3)(A), the Defendant was born in 1954, is a veteran of military service, and presently lives with his mother in Burton, Michigan. The Defendant is unemployed, receives a pension from the Veterans Administration, and receives treatment on a regular basis at the veteran hospitals in Battle Creek and Saginaw.

In 1989 the Defendant was convicted of Driving While License Suspended, and paid a fine and costs. In January of 2002 the Defendant pled guilty to Assault and Battery and was sentenced to a fine, costs, restitution and 22 days in jail. In February of 2003 the Defendant was again charged with Assault and Battery and Domestic Violence. He pled not guilty and a bond was set. However, the Defendant failed to appear for a subsequent hearing, and an arrest warrant was issued. The Defendant was eventually arrested, and sentenced to 93 days in jail, with the possibility of release to attend substance abuse counseling. In August the Defendant was charged with two driving offenses, and pled guilty to Joyriding. He was sentenced to 18 months of probation, 15 days in jail with 365 days held in abeyance, and referred to the veterans hospital in Battle Creek for alcohol abuse treatment. In May of 2004, the Defendant was scheduled to appear for a probation violation hearing - he failed to appear, and a bench warrant was issued. He was arrested, pled guilty to the violation, and served 90 days in jail. In February of 2005, the Defendant was charged with Driving Under the Influence in Arkansas. He pled guilty and was sentenced to a fine, costs, and his drivers license was suspended. Pretrial Services also discovered that the Defendant was involved in an alcohol-related accident in December of 2001, but no further information was available at the time the report was prepared.

In light of the Defendant's failure to appear for two court hearings, and his recent history of assaultive and alcohol related crimes, I am unable to craft any conditions of bond that will reasonably assure either the safety of the community or the Defendant's future appearance as required.

Accordingly, the government's motion to detain is **GRANTED**.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel and his physicians.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.  The U.S. Marshal's Service is to notify this Magistrate Judge immediately if it becomes necessary to transport the Defendant to receive medical treatment, and the appropriate order will be prepared.


 s/ *Charles E Binder*

CHARLES E. BINDER

Dated: January 4, 2006                    United States Magistrate Judge




### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on James Brunson and Robert Dunn, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.


Date: January 4, 2006                    By     s/Jean L. Broucek

Case Manager to Magistrate Judge Binder