**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

UNITED STATES OF AMERICA

CASE NO: 05-CR-20053-BC

vs.

WILLIAM D. DESPAIN

MAGISTRATE JUDGE CHARLES E. BINDER

_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS
AND DEFENDANT'S ORAL MOTION FOR DIRECTED VERDICT OF ACQUITTAL**

**I.    INTRODUCTION**

At a previous hearing, January 5, 2006 was set as a time for entry of a plea or the bench trial.  On January 3, 2006, Defendant filed a motion to dismiss.  Each attorney was contacted, and agreed that they did not want to adjourn the proceedings scheduled for January 5, and felt that argument on the dispositive motion could be made part of their presentations at a bench trial.  Government counsel advised that he could make an oral response to the dispositive motion, but did not have time to prepare a written response. Defense counsel did not object to proceeding in this fashion.  The Court advised counsel that arguments on the dispositive motion would be heard first, and then, if the charge was not dismissed, the bench trial would proceed to conclusion.  Both counsel expressed their agreement with this procedure.

**II.   MOTION TO DISMISS**

Counsel for Defendant Despain filed the instant motion to dismiss on January 3, 2006. Although counsel chose to make arguments relating to the facts before making arguments relating to the constitutionality of the statute, I find it necessary to deal with the constitutional issues first.  If those arguments carry the day, then there is no need to address the issues relating to the facts.

Defendant argues that 38 C.F.R. § 1.218(b)(16) is unconstitutionally vague. The relevant portions read as follows:

> (b) *Schedule of offenses and penalties.*
>
> Conduct in violation of these rules and regulations set forth in paragraph (a) of this section subject an offender to arrest and removal from the premises. Whomever shall be found guilty of violating these rules and regulations while on any property under the charge and control of the VA is subject to a fine as stated in the schedule set forth herein . . . . Violations included in the schedule of offenses and penalties may also subject an offender to a term of imprisonment of not more than six months, as may be determined appropriate by a magistrate or judge of the United States District Court:
>
> . . . .
>
> (16) entering premises under the influence of alcoholic beverages . . ., $200."

38 C.F.R. § 1.218(b)(16).

Defendant argues that the terms "entering" and "premises" are vague. I begin the analysis of the vagueness argument with a definition of the primary term at issue; that of "premises." The Assistant U.S. Attorney read a definition from one edition of Black's Law Dictionary. However, a different edition defines premises in part as "a house or building, along with its grounds." BLACK'S LAW DICTIONARY (8th ed. 2004). This edition explains the background of the term, and states that "premises" has a lengthy history in legal usage. Originally, it denoted the part of a deed that sets forth the names of the grantor and grantee. However, in the early 18th century the definition was extended to refer to the subject of a conveyance or bequest. And finally, it was extended to refer to a house or building along with its grounds. *Id.*

The Supreme Court has established a three-step process for interpreting statutes: "first, a natural reading of the full text; second, the common-law meaning of the statutory terms; and finally, consideration of the statutory and legislative history for guidance." *U.S. ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc.*, 400 F.3d 428, 442 (6th Cir.

2005) (citing *United States v. Wells*, 519 U.S. 482, 490-92, 117 S. Ct. 921, 137 L. Ed. 2d 107 (1997)). Thus, one of the primary principles of constitutional construction is to take words at their face value or their normally-understood meaning. In this age, the normally-understood meaning of the term "premises" is a building and its surrounding property. I conclude that the drafters of the Code of Federal Regulations, acting under the direct authority of the United States Congress, clearly intended this use of the term "premises" in their drafting of 38 C.F.R. § 1.218, which includes the following: "Pursuant to 38 U.S.C. 901, the following rules and regulations apply at all property under the charge and control of the VA . . . and to all persons entering in or on such property." 38 C.F.R. § 1.218(a). Note the use of the word "on," not "in," as if entering a building or entering onto property.

Section 1.218 also provides as follows: "Entering property under the influence of any narcotic drug, hallucinogen, marijuana, barbiturate, amphetamine, or alcoholic beverage (unless prescribed by a physician) is prohibited. . . . The introduction or possession of alcoholic beverages . . . on property is prohibited, except for liquor or drugs prescribed for use by medical authority for medical purposes." 38 C.F.R. § 1.218(a)(7).

It is abundantly clear to me that, acting under the authority of Congress, the drafters of the regulations of the Veteran's Administration (VA) intended the word "premises" to mean both the buildings and any real property controlled or owned by the VA. Therefore, I do not find these terms vague, but rather very clear. I further find that 38 C.F.R. § 1.218 is a carefully drafted and interlocking set of regulations which are mutually supportive of each other and make obvious the well thought out and thoroughly considered effort by the VA to exercise the authority delegated to it by Congress to control conduct upon any property, grounds, or building owned or controlled by them.

Accordingly, finding the statute constitutional, Defendant's motion to dismiss is **DENIED**.

### III.     MOTION FOR DIRECTED VERDICT OF ACQUITTAL

I turn next to the request for a directed verdict of acquittal made by defense counsel prior to his closing argument. The charging statute states that "entering premises under the influence of alcoholic beverages" is a violation. 38 C.F.R. § 1.218(b)(16). I conclude that this is a status offense. This means that a person is guilty of the offense by simply doing the act - there is no intent required. Normally, criminal statutes require an act and an intent. However, for the sub-class of status offenses, there is no requirement of intent. If the act happens, the person is guilty.

The question in this case then becomes whether Defendant in fact entered upon the property under the influence of alcoholic beverages. I am guided in the analysis of this issue by the United States Court of Appeals for the Sixth Circuit in the case of *U.S. v McCoy*, 866 F.2d 826 (6th Cir. 1989). At issue there was a similar status offense - trespassing on a federal institution after being barred from it, which is prohibited under 18 U.S.C. § 1382. The primary issue in *McCoy* was whether the defendant was actually on the property of Wurtsmith Air Force Base. There was a tremendous amount of testimony as to the location of the boundary of the base.

The analysis used by the Sixth Circuit guides the analysis here. As in *McCoy*, Defendant Despain raises the question of whether the bus stop was on VA property. Further, if it was, he questions whether it was on a public easement. According to a diagram admitted during trial as Government's Exhibit Six, the bus stop is twelve feet from the physical edge (the curb) of Weiss Street. Government exhibits one through four also indicate the proximity of the bus stop structure to Weiss Street. It is clear from these pictures that the bus stop structure where the Defendant was apprehended is off the street and on what used to be a grassy area. A portion of that grassy area, according to Government Exhibit Six, was used with the permission of the VA for the construction of the bus stop. Exhibit Six includes what

4

is called a "Temporary Grading Permit," and the operative language in that document provides that the VA ". . . hereby grants permission to the City of Saginaw and its contractors for ingress and egress over and upon the lands described below (which is a portion of the Veterans Hospital property) for the purpose of constructing a bus stop structure."

After reviewing these exhibits, I find unequivocally that the bus stop structure is on property owned by the VA. From the wording of Exhibit Six, I also find that the property encompassed by the bus stop structure was not given to the City of Saginaw.

The next question is whether the property is on an easement granted to some other entity for the construction of Weiss Street. I conclude that it is not. I reach that conclusion as follows: the diagram in Exhibit Six shows that the concrete pad on which the bus stop structure is built is twelve feet from the edge of Weiss Street. There are two lines indicated in the exhibit which run parallel to Weiss Street, and those lines are ten feet from the edge of the street. These parallel lines have no purpose in the architectural rendering for the bus stop structure. They do not show where to place anything and they do not show a contractor what to do. While I cannot confirm their purpose, I believe that their purpose is to show the edge of the easement for Weiss Street, which is ten feet from the edge of the street.

Therefore, if I am correct that these lines mark the boundary of the easement, the bus stop is on VA property by two feet. Even if it is not, however, and is actually within the easement, it is still on property <u>controlled</u> by the VA. *McCoy* teaches exactly this same lesson. It was found in that case that the entrance area to Wurtsmith Air Force Base was in fact within an easement granted to the State of Michigan by the United States Air Force during construction of the base. The Court did not find that fact controlling. The guilty verdicts were upheld even though the appellants were on an easement because the Air Force controlled a substantial portion of that easement. *McCoy*, 866 F.2d at 831. Accordingly, even if this bus stop structure is within an easement, it is still on land controlled by the VA.

Therefore, having found the statute constitutional, having found the bus stop structure to be within property controlled by the VA, having heard the unequivocal testimony from every witness that Defendant was in the bus stop, and in light of the stipulation of the parties that Defendant was intoxicated, I find beyond a reasonable doubt that Defendant is guilty of a violation of 38 C.F.R. §1.218(16).

In the alternative, from the testimony of witness Merrow and the admission of Defendant that he brought a bottle containing an alcoholic beverage with him, I find that there is also guilt beyond a reasonable doubt for violation of 38 C.F.R. § 1.218(18) - Unauthorized Introduction on VA Controlled Property of Alcoholic Beverages.

Finally, defense counsel's argument on the proportionality of sentence to the offense will be addressed. As noted, the subsection of the statute of which Defendant has been found guilty is a Class B misdemeanor. This Court has not previously had arguments of this nature made as to this particular statute. However, this is not the first time proportionality arguments have been made with regard to Class B misdemeanors. I refer again to 18 U.S.C. § 1382. The constitutionality of that misdemeanor has been challenged over 80 times. I do not mean to imply that the proportionality argument has been made in each of those 80 challenges, but when it has been raised, every court, including the Sixth Circuit as well as the United States Supreme Court, has held that it is not inappropriate in a status offense to consider it a Class B misdemeanor with a maximum possible penalty of up to six months incarceration and fines as stated, either in the schedule or in the statute.

Likewise, I find no substantive due process violation in the exercise of discretion by the VA in making this offense a Class B misdemeanor. It is obvious from the terms quoted earlier, especially the opening paragraph of § 1.218(b), that it is expected that a court will exercise its discretion in sentencing. Were this statute to give judicial officers no choice but to sentence to the maximum, or impose fines to the maximum, there could be a due process

failure.  But it is clear that the statute does not so intend .  The provision reads "violations included in this schedule *may also* subject an offender to a term of imprisonment *as may be deemed appropriate by a magistrate or judge*."  38 C.F.R. § 1.218(b) (emphasis added).   It is clear that the drafters are looking to the sentencing discretion of a federal judicial officer in fashioning the appropriate remedy.  Thus, defense counsel's argument that the possible penalty does not fit the offense is dismissed.

## IV.    REVIEW

Review of this Order is governed by 28 U.S.C. § 636(c)(3).


                                                  s/  *Charles E. Binder*
                                                  CHARLES E. BINDER
Dated: January 24, 2006             United States Magistrate Judge


## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, and electronically served on James Brunson and Robert Dunn.


Date: January 24, 2006                     By     s/Jean L. Broucek
                                                           Case Manager to Magistrate Judge Binder